Mr. Justice Johnson
delivered the opinion of the court:
The grounds of the present motion involve the following propositions :
1st. Whether the referees had, under the terms of the- ' *282 submission, the power to call in an umpire before they had disagreed, and whether, in the absence of any proof, the fact of his being called in does not authorize the presumption of their' having disagreed ?
2d. Whether by the terms of the award, the plaintiff as a condition precedent, was not bound to give the defendant security to indemnify him against the demands on the firm of JD. L. Wakely 8f Co. and the four notes given to Hubbard 8? Peck, and whether that tendered was sufficient ?
3d. Whether the award was not void for uncertainty in not defining what indemnity the plaintiff should give the' defendant ?
As alike applicable to all of the foregoing propositions, it will be found that formerly awards were construed with great strictness. (Kidd on Awards, 228-9. J But this rule has given way to a more liberal construction. (Kidd, 230-11.; And the prevailing rule now is, that they are to be so construed as to give them effect, if possible.— (Kidd, 233, 243.;
In the application of the rigid rule to the first' proposition', it would seem by the terms of the submission that the referees were restricted in the power to select an umpire in the event only of their disagreement, and consequently could not until that event happened. But when we come to enquire into the object of investing the arbitrators with this power, the necessity of a more liberal construction is apparent. Before the referees have investigated the subject of dispute between the parties, they cannot foresee their disagreement, and if they were to be restricted in the selection of an umpire to that event, they would be exposed to the danger of being governed in their choice by a knowledge of the prejudices or partialities of the person to be selected in relation to the matter of difference. It would be necessary too- to enable the umpire to determine the disputed point, to hear from the original source the evidence out of which their differences arose* ' and would therefore subject them to a re-examination of *283 the whole case. It follows, therefore, that it is not only •admissible, but desirable that he should be selected before they act upon the reference, in order to guard against the danger and inconvenience to which they would be exposed, if it was postponed until there was a disagreement.— (Kidd on Awards, %1.)
This disposition of this branch of the proposition put? an end to the second, as it follows that by the submission, ■the referees had the power of choosing an umpire at any •time they might, deem it necessary.
In the consideration of the second proposition, it will not be necessary to enter into the subtile doctrine of conditions precedent and subsequent, as it does not appear to the court necessarily to enter into the case. I shall there* fore proceed to consider whether the plaintiff was bound by the terms .of the award to give security to the defendant to indemnify him, &c. and as this enquiry wilTneeessarily involve the third proposition, one general view will be taken of them both.
The arguments urged in support of the affirmative are predicated on the assumption of the fact, that in the words of the award, directing that the plaintiff should give the defendant sufficient indemnity against the four notes pven te Hubbard8¡- Peck,sxiá thatheshould indemnify him against the demands that should thereafter come against the late firm of D. L. Wakely 8? Co. more was intended than a personal responsibility on the part of the plaintiff, if the defendant should happen to lose from these sources, and that the award was therefore -uncertain and void, as it does not define what further act was to be done by the plaintiff, either as to the nature or amount of the indemnity to be given.
The conclusion of this argument is .undoubtedly correct¿ for an uncertain award is void. The party is unable to perform it, because he does not know what is enjoined on him. I think, however, that there is manifest error in the premises from which it is drawn.
The term indemnity, as used in.reference to the demands against the firm .of Walsely 8? Co. and indemnity *284 as used in reference to the notes given to Hubbard ¿r Peck, have pretty much ‘.he «¡¡me meaning, and one definition will apply to both. To make sure, to protect from injury, &c. is the definition given to them, aud if the defendant does do this, it is ail the award enjoins on him. and thus far it is sufficiently certain, and it is only rendered unce* tain by interpolating that the plaintiff must, give, security to perform the act. The words indemnify and indemnity may be controled by the context; they way, when taken :n connexion with it mean only a personal responsibility j :-s when one says to another,<( do this act, and I will indemnify you.” Hero it is apparent that' a personal responsibility only was intended 5 but if he say, “ I will indemnify you by a mortgage of my land, by sufficient personal security, or a deposit of goods if you will do the act,” here it is apparent that more than c, personal responsibility was intended. The word indemnify as used in the award, in reference to the demands against the firm of Wukely <§■ Co. is unqualified by any thing connected with it; and if it he construed to moan that the plaintiff should give security to indemnify him, it would be void for uncertainty as to what that security should be ; but by a liberal construction under the rule that it shall be supported, if possible, we come to the conclusion that a personal responsibility only was intended.
it was also urged in reference to that part of the award which requires that the plaintiff shall give sufficient indemnity to the defendant against the four notes given to Hubbard fy Peck, the word indemnity is controuled by those connected with it. I am inclined to think that by the application of the preceding rule to this objection, the same result would follow., It would seem from the words’ “ give sufficient indemnity,” when taken separately, that the arbitrators had in view some act to be done by the plaintiff; but they appear to have defined the meaning in. which they used the word, when they, in reference to this very subject, declare it as their opinion that he is already indemnified by Gad Peck’s letter; and this view, I’ *285 think, is also aided by the circumstances, that they have given no clue by which it can be discovered what was intended. There is however a more conclusive answer to this objection.
Gregg 8? Stark, for the motion.
IJe Saussure S¡> McCord, contra.
For the reasons before given, the idea that the award imposed on the plaintiff the necessity of giving security, is excluded ; and if it be construed tornean that he should do some act by which the defendant was to be indemnified, it follows that it must he done by himself alone. No injury had resulted to the plaintiff, and all that he could do was to perpetuate the evidence of his liability when the loss should happen. This he did do by a bond tendered to the defendant, in a penalty sufficient to cover the amount of these notes ; and whether the security was sufficient or not, was wholly immaterial, as he was not bound to give cny, and the defendant’s refusal to accept it was a folly of his own, which ought not to prejudice the plaintiff. The motion is refused.
Justices Colcock, Nott and Richardson, concurred.
Gantt, Justice, dissented.